# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 11-3054 DSF (CWx) | Date | 4/27/11 |
| Title | Pierre Derakshan, et al. v. BAC HOME Loans Servicing, LP, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Action to the Superior Court of California, County of Los Angeles for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Even so, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Defendants removed this action and claim that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Removal ¶ 1.) The Court may exercise its diversity jurisdiction when (1) the amount in controversy exceeds the sum or value of $75,000; and (2) the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

Defendants did not meet their burden of establishing complete diversity because (1) it appears that Defendant First American Loanstar Trustee Services LLC ("Loanstar") is not a nominal party; and (2) Defendants did not adequately allege Loanstar's citizenship.

"A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446

# MEMORANDUM

JS 6

U.S. 458, 461 (1980). In claims three and six, though, Plaintiffs seek damages from Loanstar due to Loanstar's alleged actions as trustee. (Removal Ex. 1 ¶¶ 43-44, 57-58.) Therefore, it is not a nominal party.

For diversity purposes, the citizenship of an unincorporated business is determined by each of its member's citizenship. <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006). Defendants failed to allege or submit any evidence regarding the citizenship of Loanstar's members, (Removal ¶ 9,) and have failed to meet their burden.

For these reasons, the Court REMANDS the action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.